## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Kathleen B. Thomas,** | : Case No. |
| | : |
| **Plaintiff** | : |
| | : Electronically |
| **v.** | : Filed |
| | : |
| **The County of York, Pennsylvania; and** | : |
| | : |
| **Lori O. Mitrick, President Commissioner,** | : |
| **M. Steven Chronister, Commissioner, and** | : Judge: |
| **Douglas E. Kilgore, Commissioner,** | : Jury Trial Demand |
| **in their official capacities as York County** | : |
| **Commissioners, and collectively as the** | : |
| **York County Board of Commissioners; and** | : |
| | : |
| **York County Youth Development Center; and** | : |
| | : |
| **Wayne R. Bear, individually, and as Program** | : |
| **Director for Defendant York County Youth** | : |
| **Development Center.** | : |
| | : |
| **Defendants** | : |

## COMPLAINT

### INTRODUCTION

1.      This suit is filed on behalf of Kathleen B. Thomas (hereinafter "Plaintiff"), a former shift supervisor at the York County Youth Development Center, alleging numerous and egregious acts of sexual harassment and retaliation sufficient to create a hostile work environment and deprive Plaintiff of her Constitutional rights, against the County of York, Pennsylvania; Lori O. Mitrick, President Commissioner, M. Steven Chronister, Commissioner, and Douglas E. Kilgore, Commissioner, in their official capacities as York County Commissioners and, collectively as the York County Board of Commissioners; the York County Youth Development Center; and Wayne R. Bear individually and as Program Director for Defendant York County Youth Development Center.

2.      Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission (hereinafter "PHRC") and the United States Equal Employment Opportunity Commission (hereinafter "EEOC") on March 31, 2005 (hereinafter "Complaint") against the herein named Defendants alleging acts of sexual harassment sufficient to create a hostile work environment and retaliation.

3.      Said Complaint alleged numerous acts of sexual harassment perpetrated by Plaintiff's supervisor, Wayne R. Bear, which collectively created and fostered a hostile work environment.

4.      Said Complaint also alleged that Defendants, themselves and/or by and through their agents, engaged in acts that constituted retaliation for Plaintiff's exercise of an activity protected by Title VII of the Civil Rights Act of 1964, as amended, and the Pennsylvania Human Relations Act.

5.      Defendants filed an Answer to the Complaint, and the administrative agencies conducted a fact-finding investigation.

6.      The parties named herein have been unsuccessful in reaching a settlement of Plaintiff's claims.

7.      Having not rendered a decision on the merits of the Complaint for a period greater than one year, on May 11, 2006, the PHRC delivered to Plaintiff a "notice-of-right-to-sue" in which the PHRC notified Plaintiff that she had a right to pursue a court action based upon the allegations in the Complaint, but also maintained that the PHRC would continue to process the case until it has rendered a decision, or a court action is filed. A copy of said notice dated May 11, 2006 is attached hereto and made a part hereof, and is marked as Exhibit "A."

8.      As a result of a governmental entity being named as a defendant in the Complaint, the EEOC forwarded the case to the United States Department of Justice Civil Rights Division for evaluation.

9.      In a letter dated August 16, 2006, the United States Department of Justice Civil Rights Division issued a "notice-of-right-to-sue" allowing Plaintiff to file a Complaint within ninety (90) days of receipt of said notice, dated August 16, 2006, a copy of which is attached hereto and made a part hereof, and is marked as Exhibit "B."

10.      Plaintiff commences this Action based upon the allegations set forth in the original administrative Complaint filed with the PHRC and EEOC, as well as acts of retaliation and harassment that occurred subsequent to the filing of such administrative Complaint, and which are properly within the scope of the administrative complaint and/or the investigation arising therefrom.

**JURISDICTION**

11.      This Court has original jurisdiction over Plaintiff's causes of action arising under the Constitution of the United States, and Title VII of the United States Civil Rights Act of 1964, as amended 42 U.S.C. §2000e, et. seq., pursuant to 28 U.S.C. §§1331 and 42 U.S.C. §20003-5(f)(3). This Court has

supplemental jurisdiction over Plaintiff's tort claims, and claims arising under the Pennsylvania Human Relations Act, 43 P.S. § 951-963, pursuant to 28 U.S.C. §1367.

## PARTIES

12.     The Plaintiff herein is Kathleen B. Thomas of York, Pennsylvania, with an address at 770 Church Road, York, Pennsylvania, 17404.

13.     The Defendants herein are:

a.      Defendant, the County of York, Pennsylvania, is a local governmental unit, a third class County, with an address for business at 28 East Market Street, York, Pennsylvania 17401 (hereinafter "County");

b.      Defendant, the York County Board of Commissioners, the governing body of York County, Pennsylvania, with an address for business at 28 East Market Street, York, Pennsylvania 17401,consisting of three members, the three members of the York County Board of Commissioners herein named as Defendants (hereinafter "Commissioners");

c.      Defendant, Lori O. Mitrick, is President of the York County Board of Commissioners, with a business address at 28 East Market Street, York, Pennsylvania 17401 (hereinafter "Mitrick");

d.      Defendant, M. Steven Chronister, is a member of the York County Board of Commissioners, with a business address at 28 East Market Street, York, Pennsylvania 17401 (hereinafter "Chronister");

e.      Defendant, Douglas E. Kilgore, is a member of the York County Board of Commissioners, with a business address at 28 East Market Street, York, Pennsylvania 17401 (hereinafter "Kilgore");

f.      Defendant, the York County Youth Development Center, is a Department of the County of York, Pennsylvania, with an address at 3564 Heindel Road, York, York County, Pennsylvania 17402 (hereinafter "Center"); and

g.      Defendant, Wayne R. Bear, an adult individual residing at 655 Stillcreek Lane, Hellam, Pennsylvania, 17406 (hereinafter "Bear"), with a business address at 3564 Heindel Road, York, York County, Pennsylvania 17402.

## FACTUAL BACKGROUND

14.     Plaintiff was hired by Defendant County to work at the Defendant Center, a department of Defendant County, in or about June of 2002, for the position of Shift Supervisor.

6

15.     Defendant Bear has been the Program Director of Defendant Center since in or about 2004 and, at all times relevant herein, an employee and agent of Defendant County of York, Pennsylvania. In that capacity, Defendant Bear was Plaintiff's supervisor.

16.     Plaintiff, during the course of her employment with Defendant Center, was the victim of the following intentional, unwelcome, unwanted, unprovoked, offensive, inappropriate, obscene, harassing, and discriminatory statements and sexual contact, which the Plaintiff regarded as such, perpetrated by Defendant Bear:

a.  In or about October of 2004, Defendant Bear began a work-related statement addressed to Plaintiff by sexually suggesting, "While I was laying in bed last night thinking about you . . . ." Defendant Bear then pause, laughed, and continued with his statement.

b.  In or about October of 2004, Plaintiff was telling Defendant Bear what one of the juvenile residents had said to her when Defendant Bear interjected, "I know you're a whore, but how does he [the resident] know?"

c.  In or about November of 2004, Plaintiff was eating in a conference room with Defendant Bear and Shannon Long, former Assistant Program Director at Defendant Center (hereinafter "Long"). As Plaintiff was eating a chicken wing, Defendant Bear made sexually suggestive grunts,

moans, and innuendoes and told Plaintiff "yeah, take it, take it all," referring to Plaintiff by name and acting in a sexually suggestive way by leaning back in his chair, putting his hands behind his head, and gyrating his pelvis.

d.   On or about the week prior to Christmas of 2004, Plaintiff was discussing Defendant Center's Christmas Party in her office with Long and another supervisor when Defendant Bear entered and stated, "[t]he staff back in detention were singing a song about you [Plaintiff] yesterday, and it went something like, ho, ho, ho . . . ." Defendant Bear intended his contextual use of the word "ho" as a double entrendre, suggesting that Plaintiff was a "whore," that Plaintiff was a woman of particular sexual promiscuity, and/or that Plaintiff was little more than a sexual object.

e.   On or about December 22, 2004, Plaintiff was in the gym at Defendant Center putting up Christmas decorations with Long and another supervisor when Defendant Bear came into the gym, walked up behind Plaintiff, and placed Plaintiff in an upper torso restraint while thrusting his pelvis into Plaintiff's posterior in a sexually suggestive manner for approximately ten (10) seconds, during which time Plaintiff was unable to move.

f.   On or about January 4, 2005, Plaintiff, during the course of a meeting at Defendant Center with other supervisory employees, addressed

Defendant Bear, asking him if he was going to rectify a staff-related issue at Defendant Center. Defendant Bear responded in an inappropriate sexually suggestive manner, "[w]hat are you going to do for me, Mickey" (Plaintiff was referred to at Defendant Center as Mickey).

g.   On or about January 5, 2005, during a daily morning staff meeting, Defendant Bear brought up the topic of television commercials for erectile dysfunction medication and, in a shocking and inappropriate way, carried on about the prospect of having an erection for four hours, stating, in front of Plaintiff, "[i]f I have an erection for more than four hours, I'm not going to need a doctor, I'm going to need CPR. What's the problem with having a four hour erection?"

h.   On or about April 7, 2006, Plaintiff was conversing with Brian Roberson (hereinafter "Roberson"), a co-worker with whom she shares an office, when Defendant Bear, regardless as to the action taken by Defendant County as hereinafter set forth, entered and stated that he wanted to "touch base" with Roberson. Roberson replied to Defendant Bear, "There will be no touching." Defendant Bear then stared at Plaintiff, outstretched his arms making a gesture, and stated, "as long as it was a group hug . . . ," causing Plaintiff to feel uncomfortable and threatened.

17.    In accordance with Defendant County's policy regarding sexual harassment, Plaintiff complained to Long, who reported Defendant Bear's conduct to Sharon L. Luker, the Executive Director of Human Resources for the Defendant County (hereinafter "Luker"), who, along with County Solicitor Michael W. Flannelly (hereinafter "Flannelly"), conducted an investigation into Plaintiff's allegations on or about January 10, 2005.

18.    Plaintiff voluntarily and fully complied with the investigation into Defendant Bear's conduct.

19.    As a result of the investigation, Defendant County, by and through the official actions of Defendants Mitrick, Chronister, and Kilgore, collectively comprising Defendant Commissioners, suspended Defendant Bear from his position at Defendant Center for one (1) week, from on or about Thursday, January 20, 2005 through Wednesday, January 26, 2005.

20.    Plaintiff expressed concern with the leniency of the disciplinary action taken by the Defendant County, by and through Defendant Commissioners, and the possibility of further working with Defendant Bear via letters addressed to Luker and Defendant Mitrick dated January 11, 2005 and January 26, 2005, respectively. Copies of said letters are incorporated herein and made a part hereof, and attached hereto as Exhibits "C" and "D," respectively.

21.     Luker and Flannelly told Plaintiff and Long that:

a.  The decision to reinstate Defendant Bear rendered by Defendant Commissioners was final;

b. Plaintiff, among other things, would "have to respect" Defendant Bear and abide by his authority;

c. Plaintiff would be required to meet with Defendant Bear about the situation and work with him in the future;

d. Plaintiff and Long either had to work under Defendant Bear or resign;

e. The Defendant County would not offer any severance packages to those who chose to resign rather than work for Defendant Bear;

f. There would be no transfers to other positions within the Defendant County; and

g. Those who resigned would be ineligible for unemployment benefits.

22. Plaintiff felt threatened and intimidated by the statements described in paragraph 21.

23. Luker, Flannelly, and C. Bruce Funk, acting Executive Director of Human Services for Defendant County (hereinafter "Funk"), on or about January 27, 2005, met with Defendant Center's management team, including

the Plaintiff and Long, to inform them of Defendant Bear's return, and to reiterate the statements in paragraph 21.

24. Thereafter, Defendant Bear made an apology that Plaintiff believed to be insincere, and Funk abruptly ended the meeting by stating, "sorry guys, sometimes life is unfair."

25. On or about February 3-4, 2005, Luker required that Plaintiff meet alone with her and Defendant Bear. At said meeting, Defendant Bear offered Plaintiff an insincere and scripted apology. Plaintiff felt intimidated and uncomfortable at said meeting.

26. On March 2, 2005, Flannelly, Luker, Funk, Defendant Bear, and Defendants Mitrick, Chronister, and Kilgore, met with all employees of Defendant Center. At said meeting, several employees, including Plaintiff, expressed displeasure with Defendant Commissioners's decision to reinstate Defendant Bear after his brief suspension for sexually harassing Plaintiff. Defendant Chronister replied, "[t]he bottom line is you can either get on board or leave." Plaintiff felt threatened, intimidated, and believed that such comment was directed to her as a retaliatory remark.

27. Thereafter, Defendant Bear, acting in his official capacity as Program Director of Defendant Center, a department of Defendant County, with final policymaking authority vested in Defendant Commissioners, engaged in the

following acts in retaliation against Plaintiff, intending such acts to cause

Plaintiff mental and emotional stress and, it is believed and therefore averred,

to provide a basis under which Defendants could terminate Plaintiff and/or

make her work environment so negative as to cause her to resign:

a.  Defendant County, by and through the actions of Defendant
    Chronister and Commissioners, refused any potential request for a
    transfer to another position with Defendant County;

b.  Defendant County, through Defendant Chronister, threatened
    Plaintiff by stating "the bottom line is you can either get on board
    or leave," referring to the reinstatement of Defendant Bear;

c.   Defendant County, by and through the actions of Defendant
    Chronister and Commissioners, threatened Plaintiff by telling the
    staff that no severance packages would be offered to anyone
    resigning as a result of the reinstatement of Defendant Bear;

d.  On or about March 8, 2005, Defendant Bear requested that, when
    Plaintiff had an issue, she come directly to him instead of resorting
    to email communication. Plaintiff preferred email communication
    because she feared face-to-face communication with Defendant
    Bear. Plaintiff felt intimidated by the meeting and the thought of

having to confront Defendant Bear when e-mail communication would cause to avoid unnecessary face-to-face communications;

e.  On or about March 8, 2005, Defendant Bear accused Plaintiff of using more than the one-half hour of "emergency time off" she had requested earlier that morning. Using more "emergency time off" than originally requested was permitted by the established practice and procedure at Defendant Center. Defendant Bear stated, "this is not a disciplinary action," yet he nonetheless "wrote up" the incident and presented it to Plaintiff for her signature;

f.  On or about June 6, 2005, Plaintiff was unjustly and unfairly suspended for three days without pay as a result of the following two incidents in which Defendants Bear and Center relied on disputed facts that placed Plaintiff in a false light:

   i.  On or about March 23, 2004, a picture was taken of Plaintiff and a fellow staff member named Anthony Zorbaugh (hereinafter "Zorbaugh"), which Defendants claim depicts Zorbaugh grabbing Plaintiff's breasts;

   ii.  Defendants Bear and Center claimed that on July 5, 2005, Plaintiff engaged in "disgusting" and "inappropriate"

behavior with a male subordinate in front of a resident of

Defendant Center; and

g.  On or about June 2, 2006, Defendants Bear and Center accused

Plaintiff of "stealing county time," and suspended her pending an

investigation. Plaintiff was made to believe  that she would be

terminated. After such investigation proved to be fruitless, Plaintiff

was reinstated and paid for the suspension, yet was presented with

a written warning to be placed in her personnel file, despite having

been exonerated through the investigation.

28.     The retaliatory actions described in paragraph 27 have irrevocably

damaged Plaintiff's employment record and reputation and have caused

Plaintiff severe mental and emotional stress sufficient to cause Plaintiff to seek

psychological counseling.

29.     It is believed and therefore averred that the retaliatory actions

described in paragraph 27 were intended to formulate a pretext on which

Defendants Bear and Center could terminate Plaintiff's employment or create a

negative work environment such that Plaintiff would resign.

## COUNT I – 42 U.S.C. §1983 – EQUAL PROTECTION
### Plaintiff v. Defendants County, Commissioners, Mitrick, Chronister, and Kilgore

30.     Paragraphs 1-29 are incorporated herein by reference as if fully set forth.

31.     Plaintiff has a right to employment at Defendant Center that is protected by the Constitution of the United States.

32.     Defendants, by and through their actions as set forth herein, intentionally denied Plaintiff her right to equal protection under the law as guaranteed to her by the Fourteenth Amendment to the United States Constitution by failing to prevent and correct the discriminatory and retaliatory actions caused by Defendant Bear while acting as an employee and agent of Defendants County and Center.

33.     The Defendants did not treat Plaintiff the same as those with whom Plaintiff was similarly situated because of her gender.

34.     Defendants were, at all times, acting under the color of state law.

35.     Defendant Commissioners, comprised of Defendants, Mitrick, Chronister, and Kilgore, are the governing body of Defendant County and, thus, have final policymaking authority, rendering their decisions official acts of government.

36.     Defendant County, by and through its governing body, Defendant Commissioners, comprised of Defendants, Mitrick, Chronister, and Kilgore, adopted and maintained a practice, custom, and/or policy of deliberate indifference to the infringement of Plaintiff's Constitutionally protected rights.

37.     Defendant County, and its governing body, Defendant Commissioners, comprised of Defendants, Mitrick, Chronister, and Kilgore, are liable for the actions of Defendants Bear and Center, because their failure to prevent and correct the sexually discriminatory behavior of Defendants Bear and Center described hereinabove constituted a tacit approval thereof.

38.     Based on the foregoing, Plaintiff alleges that Defendants County, Commissioners, Mitrick, Chronister, and Kilgore violated 42 U.S.C. §1983 by depriving Plaintiff of equal protection under the law and judgment is demanded therefor.

39.     As a result of the violations of Plaintiff's rights guaranteed by the 14th Amendment to the Constitution of the United States, caused by Defendants County, Commissioners, Mitrick, Chronister, and Kilgore, Plaintiff is entitled to all necessary and appropriate relief, including, but not limited to, any and all compensatory, punitive, and other damages, attorney's fees, and court costs, and claim is made therefor.

## COUNT II – Sexual Harassment
## Title VII/PHRA - Hostile Work Environment
## Plaintiff v. All Defendants

40.     Paragraphs 1-39 are incorporated herein by reference as if fully set forth.

41.     Plaintiff's protected class is sex-female.

42.     Plaintiff qualifies as a person within the meaning of 42 U.S.C. §2000e(a) and 43 Pa.C.S. §954(a), and as an employee under 42 U.S.C. §2000e(f) and 43 Pa.C.S. §954(c).

43.     Defendants County, Commissioners, and Center are employers under 42 U.S.C. §2000e(b) and 43 Pa.C.S. §954(b).

44.     During the term of her employment, Plaintiff was subject to intentional, unwelcome, unwanted, unprovoked, offensive, inappropriate, flirtatious, obscene, harassing, and discriminatory conduct while engaged in an activity protected by Title VII of the Civil Rights Act of 1964, as amended, and the Pennsylvania Human Relations Act. Such intentional, unwelcome, unwanted, unprovoked, offensive, inappropriate, flirtatious, obscene, harassing, and discriminatory conduct was perpetrated by Defendant Bear, Plaintiff's Supervisor.

45.     Said intentional, unwelcome, unwanted, unprovoked, offensive, inappropriate, flirtatious, obscene, harassing, and discriminatory conduct was made or directed to, and/or imposed upon Plaintiff because of her gender.

46.     Said intentional, unwelcome, unwanted, unprovoked, offensive, inappropriate, flirtatious, obscene, harassing, and discriminatory conduct affected a term or condition of Plaintiff's employment by creating a hostile work environment in which Plaintiff felt anxious, belittled, defiled, embarrassed, exploited, intimidated, threatened, and victimized.

47.     The conduct of Defendant Bear unreasonably interfered with Plaintiff's work performance in that, among other things, she often cried at work, feared further offensive and harassing conduct on the part of Defendant Bear, went out of her way to avoid Defendant Bear, and had to work every day in an environment with a male supervisor who harassed her, made unwelcome sexual advances toward her, physically threatened her, humiliated her in front of co-workers, and insulted her on multiple occasions as set forth hereinabove.

48.     The trauma caused by Defendant Bear's unlawful and discriminatory actions led Plaintiff to seek psychological counseling.

49.     Plaintiff continues to receive counseling for mental and emotional harm arising out of the foregoing alleged conduct on the part of Defendants.

The conduct of Defendants has also caused Plaintiff to require prescription medication for depression and anxiety.

50.     Defendants County, Commissioners, Mitrick, Chronister, and Kilgore failed to adequately correct the defect in the condition of Plaintiff's employment through its failure to terminate or otherwise sufficiently discipline Defendant Bear and thus correct the hostile work environment.

51.     Defendants County, Commissioners, and Center are vicariously liable for the intentional, unwelcome, unwanted, unprovoked, offensive, inappropriate, flirtatious, obscene, harassing, and discriminatory conduct of Defendant Bear.

52.     Plaintiff timely and appropriately took advantage of preventative and/or corrective opportunities by complaining about Defendant Bear's conduct and participating in the investigation of same, despite the humiliation, degradation, and castigation that resulted.

53.     The trauma caused by the foregoing actions of the Defendants led Plaintiff to resign her position on October 14, 2006.

54.     As a result of the foregoing, Plaintiff alleges that Defendants have violated 42 U.S.C. §2000e-2(a)(1) and 43 Pa.C.S. §955(a), and that Plaintiff is entitled to all necessary and appropriate relief, including, but not limited to,

any and all compensatory, punitive, and other damages, attorney's fees, and

court costs, and claim is made therefor.


### COUNT III – Sexual Harassment
### Title VII/PHRA – Retaliation
### Plaintiff v. All Defendants


55.     Paragraphs 1-54 are incorporated herein by reference as if fully set

forth.

56.     Plaintiff qualifies as a person within the meaning of 42 U.S.C.

§2000e(a) and 43 Pa.C.S. §954(a), and as an employee under 42 U.S.C.

§2000e(f) and 43 Pa.C.S. §954(c).

57.     Both Defendants County of York and Center are employers under

42 U.S.C. §2000e(b) and 43 Pa.C.S. §955(b).

58.     Plaintiff was engaged in an activity protected by Title VII of the

Civil Rights Act of 1964, as amended, and the Pennsylvania Human Relations

Act at all times relevant to the allegations herein.

59.     Defendants were collectively aware that Plaintiff was engaging in

an activity protected by Title VII of the Civil Rights Act of 1964, as amended,

and the Pennsylvania Human Relations Act at all times relevant to the

allegations herein.

60.     As a result of Plaintiff complaining about Defendant Bear's behavior, Defendants County and Center, by and through the actions of Defendant Bear, took materially adverse employment actions against her.

61.     Defendants' materially adverse employment actions would have dissuaded a reasonable worker from making or supporting a charge of discrimination.

62.     The trauma caused by the foregoing acts led Plaintiff to seek psychological counseling.

63.     Plaintiff continues to receive psychological counseling for mental and emotional harm arising out of the foregoing allegations. The conduct of Defendants has also caused Plaintiff to require prescription medication for depression and anxiety.

64.     The trauma caused by the foregoing acts led Plaintiff to resign her position on October 14, 2006.

65.     Defendants County, Commissioners, and Center are vicariously liable for all retaliatory conduct of Defendant Bear.

66.     As a result of the foregoing, Defendants, by and through their actions, have violated 42 U.S.C. §2000e-3(a) and 43 Pa.C.S. §955(d), and Plaintiff is entitled to all necessary and appropriate relief, including, but not

limited to, any and all compensatory, punitive, and other damages, attorney's
fees, and court costs, and claim is made therefor.


## COUNT IV – BATTERY
## Plaintiff v. Defendant Bear

67.     Paragraphs 1-66 are incorporated herein by reference as if fully set
forth.

68.     On or about December 22, 2004, Defendant Bear intentionally
made harmful and/or offensive physical contact with Plaintiff in the gym at
Defendant Center as referenced herein at paragraph 16(e), such harmful and/or
offensive physical contact being witnessed by two of Plaintiff's co-workers.

69.     Such contact offended Plaintiff's reasonable sense of personal
dignity because such contact was unwelcome, unwanted, unwarranted,
unprovoked, and constituted a physical and sexual molestation of Plaintiff's
person.

70.     As a result of such harmful and/or offensive contact, Plaintiff was
in reasonable fear of further physical contact from Defendant Bear and suffered
mental and emotional stress.

71.     Such unwelcome physical contact damaged Plaintiff's reputation
as it was demeaning, demoralizing, degrading, and occurred in the presence of
Plaintiff's co-workers.

72.     As a result of the foregoing, Plaintiff alleges the Defendant Bear committed civil battery upon her in the manner described above, and that Plaintiff is entitled to all necessary and appropriate relief, including, but not limited to, any and all compensatory, punitive, and all other damages, and claim is made therefor.

## COUNT V – FALSE IMPRISONMENT
## Plaintiff v. Defendant Bear

73.     Paragraphs 1-72 are incorporated herein by reference as if fully set forth.

74.     On or about December 22, 2004, Defendant Bear acted intentionally to confine Plaintiff within fixed boundaries as referenced herein at paragraph 16(e).

75.     Defendant Bear's herein referenced intentional acts did directly confine the Plaintiff.

76.     Plaintiff was, at all times relevant hereto, aware of Defendant Bear's intentional confinement of her, and was harmed by such intentional confinement.

77.     As a result of the foregoing, Plaintiff alleges the Defendant Bear falsely imprisoned her in the manner described above, and that Plaintiff is entitled to all necessary and appropriate relief, including, but not limited to,

any and all compensatory, punitive, and other damages, and claim is made therefor.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Plaintiff v. Defendants County, Center, and Bear

78.     Paragraphs 1-77 are incorporated herein by reference as if fully set forth.

79.     Beginning in October of 2004, Defendant Bear caused Plaintiff to suffer repeated sexually harassing and degrading statements, innuendos, and unwelcome sexual physical contact as described herein.

80.     Such repeated sexually harassing and degrading statements, innuendos, and unwelcome sexual physical contact constitute extreme and outrageous conduct because such conduct goes beyond all possible bounds of decency, and may be regarded as atrocious and utterly intolerable in civilized society.

81.     Defendant Bear intentionally perpetrated such repeated sexually harassing and degrading statements, innuendos, and unwelcome sexual physical contact against Plaintiff.

82.     As a result of Defendant Bear's repeated sexually harassing and degrading statements, innuendos, and unwelcome sexual physical contact,

Plaintiff has suffered severe emotional distress, headaches, nausea, fits of

uncontrollable crying, and other symptoms of severe emotional distress,

requiring her to seek psychological counseling and require anti-anxiety and

depression medication.

83.     As a result of the foregoing, Plaintiff alleges the Defendant Bear

intentionally inflicted emotional distress upon Plaintiff, and that Plaintiff is

entitled to all necessary and appropriate relief, including, but not limited to,

any and all compensatory and punitive damages, and claim is made therefor.


**JURY TRIAL DEMANDED**

84.     Paragraphs 1-83 are incorporated herein by reference as if fully set

forth.

85.     Plaintiff demands a trial by jury.


WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter

judgment in favor of Plaintiff on all Counts, and to hold Defendants liable to

her and award her any and all appropriate relief including:

a.     An injunction preventing Defendants from engaging in

behavior prohibited by Title VII of the Civil Rights Act of 1964, as

amended, and the Pennsylvania Human Relations Act;

b.      Compensatory Damages, including, but not limited to, damages related to impairment of reputation, mental and emotional stress, and out-of-pocket expenses for psychiatric care and prescription medication;

c.      Punitive Damages;

d.      Pre- and post- judgment interest;

e.      Attorney's fees pursuant to 42 U.S.C. §1988(b), 42 U.S.C. 2000d-5(k), and 43 Pa.C.S. §962(c.2);

f.      Court costs; and

g.      All other relief deemed appropriate by this honorable Court.

Respectfully Submitted,

___s/ Niles S. Benn, Esquire_____
Niles S. Benn, Esquire
ID # PA16284
103 East Market Street
York, PA 17405-5185
Phone: (717) 852 – 7020
Fax: (717) 852 – 8797
nbenn@bennlawfirm.com